KEVIN FERRY, AS ADMINISTRATOR
OF THE ESTATE OF TYLEA HUNDLEY,

                              Civil Action No.: 3:20-CV-00099

              Plaintiff,

Vs.


MEAD JOHNSON & COMPANY, LLC,
MEAD JOHNSON NUTRITION COMPANY,
ABBOTT LABORATORIES, INC.,

              Defendants.

## <u>MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT</u>

       Consistent with Rule 15 of the Federal Rules of Civil Procedure, Plaintiff, Kevin Ferry, as Administrator of the Estate of TyLea Hundley, hereby files this Memorandum of Law In Support of Its Motion For Leave to File A Fifth Amended Complaint.[1]

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

       The Plaintiff, Kevin Ferry, as Administrator of the Estate of TyLea Hundley, originally filed this Complaint in Connecticut Superior Court on January 2, 2020. (DE# 1-1.) On January 22, 2020, Defendants, Mead Johnson & Company, LLC and Mead Johnson Nutrition Company, removed the case to Federal Court pursuant to diversity jurisdiction. (DE# 1.) The Defendant, Abbott Laboratories, Inc. moved to dismiss on March 19, 2020 and Defendant, Mead Johnson & Company, LLC and Mead Johnson Nutrition Company, moved to dismiss and join Abbott Laboratories, Inc.'s motion to dismiss on March 19, 2020, also. (DE# 38 and 39.)

---

[1] A copy of the proposed fifth amended complaint with exhibits is attached hereto as Exhibit 1.

Plaintiff filed its first amended complaint on April 22, 2020, which remains the operative complaint in this action. (DE# 50.) Plaintiff also filed leave to amend complaints on August 19, 2020 and September 4, 2020. (DE# 74 and 81.) These motions were granted.

On January 25, 2021, the Honorable Stefan Underhill rendered his opinion regarding the motions to dismiss. (DE# 87.) In that opinion, addressing Plaintiff's First Amended Complaint (DE# 50), the Court indicated it plans to certify a question to the Connecticut Supreme Court as to whether the learned intermediary doctrine would apply to baby formula. (DE# 87 at 13-14.) The Order also dismissed Plaintiffs' warranty claims (DE# 87 at 37-38) and Plaintiffs' misrepresentation claims. (DE# 87 at 44.)

The proposed Second Amended Complaint is meant to address the following issues:

1. Remove the claims dismissed by the Court's January 25, 2021 Order;

2. Remove certain references to products not fed to the infant, TyLea Hundley;

3. Remove references to certain cited medical journals, footnotes, and clarify the medical literature surrounding the association between N.E.C. and the use of cow's milk based infant formulas;

4. Add allegations regarding the availability of suitable alternatives to Defendants' cow's milk-based infant products including Prolacta, a human milk-based infant formula;

5. Add allegations of Mead and Abbott's attempts to add probiotics and crush cow's milk proteins to make the defendants products more like human milk;

6. Add newly discovered evidence from Abbott's own admissions in federal district court in Illinois;

7. Add extensive marketing to parents and hospitals of the brand names "Similac" and "Enfamil";

8. Add allegations of the Defendants knowledge that parents are never being told Similac or Enfamil is dangerous or significantly increase the risk of NEC and death in premature infants;

9. Add additional allegations related to the Defendants' interactions with the medical community and hospitals that are relevant to the Court's certification question on the learned intermediary doctrine.[2]

## ARGUMENT

Under Fed.R.Civ.P. 15(a), leave to amend a pleading "shall be freely given when justice so requires." See 3 James Wm. Moore, et al., Moore's Federal Practice ¶ 15.14 (3d ed.2000). Once an opposing party files a responsive pleading, leave to amend must be sought through the district court. *Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25, 28 (2d Cir.1995). The district court, in its discretion, should freely grant leave to amend, and may not deny leave to amend absent good cause. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Legitimate grounds to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*

None of these factors are present here, and as a result the Court should grant Plaintiffs leave to amend to file their fifth amended complaint.

---

[2] For the Court's convenience a redline version showing the additions and deletions from the current operative complaint is attached hereto as Exhibit 2. This redline version does not contain the proposed exhibits to the Fifth Amended Complaint.

## I.     An Amendment Is Necessary In Light of The Court's Subsequent Motion to Dismiss Order (DE# 87) And To Add Newly Discovered Facts

Because this case is apparently the first baby formula case ever filed alleging that these products cause Necrotizing Enterocolitis (NEC), devastating injuries, and death in premature infants, there has been no discovery on the Defendants' knowledge of harm and any attempts to protect premature infants from NEC.  As a result, Plaintiffs' investigation of the claims have been limited to information available mostly through medical articles, the public domain, and internet searches.

Since this original complaint has been filed, the following cases around the country have been filed related to the claims that the Defendants' cow's milk-based products are causing NEC, devastating injuries, and death in premature infants:

- *Ashia George, Individually and as personal representative of the Estate of A.G., Elaje Gonzales and O.G. v. Abbott Laboratories, Inc.,* Case No.: 1:20-cv-02537-EGS (D.D.C.)
- *Lilith Hasu-Beland, a minor, by her mother, Erma Hasu-Beland, et al v. Abbott Laboratories, Inc.*, Case No.: 1:20-cv-01199-PB (D.NH)
- *Anika Hunte, as Administrator of the Estate of Aries Peterson v. Abbott Laboratories, Inc.*, Case No.:  3:20-cv-01626-SRU (D.CT)
- *Anthony Rinehart and Jessica Rinehart, as natural parents of Remington Rinehart, a deceased minor, and Jessica Rinehart as putative administratrix of the Est. of Remington Rinehart v. Abbott Laboratories, Inc., etc.*, Georgia State Court of Fulton County Case No.: 21EV000437
- *Jessica Gschwend and Justin Hodges, as Parents and Next of Friend for Deceased Minor Child Emma Hodges v.* Abbott Laboratories, Inc., Mead Johnson & Company, LLC; Mead Johnson Nutrition Company, Shelby County Circuit Court (Tennessee), Case No. CT-5091-20.

Plaintiff's counsel is aware that numerous other cases are being prepared and will be filed in the near future.  This growing body of cases have led to the discovery of additional information.

For example, the Plaintiff recently learned of the *Evolve* litigation whereby Abbott appears to admit that their product is associated with NEC, devastating injuries, and death, and has attempted to lessen its harm by adding probiotics to the cow's milk-based formula and

fortifiers.  Not only are both Defendants using probiotics to lessen the harm of their cow's milk-based products, but they both have created new products to refine the cow's milk protein to make it more digestible.

This is an example of some of the new allegations to the Plaintiff's amended complaint that were not known at the time Plaintiff filed the operative complaint here.  Plaintiff has also further alleged numerous allegations regarding the alternative human based product, Prolacta, which has been shown in studies to significantly reduce the risk of NEC.

The proposed amended complaint further alleges the marketing practices of Mead and Abbott and their intention to protect their brand names Similac and Enfamil by failing to discuss, instruct or warn parents and physicians that their products significantly increase the risk of NEC, devastating injuries, and death.

From recent conversations with numerous mothers, Plaintiffs' counsel has recently learned that premature infants are routinely fed Similac and Enfamil in the NICU develop NEC, have part of their intestines removed and often die, yet those Moms were never told that Similac or Enfamil products have been linked to NEC, nor could have been a factor in their infant's injury.  The complete lack of communication to the parents have been expanded in this amended complaint, and directly relate to concerns raised by the Connecticut Supreme Court in *Vitanza.* *Vitanza v. Upjohn Co.*, 257 Conn. 365, 392-94 (2001).

Additionally, in light of the Court's decision to certify a question to the Connecticut Supreme Court, an amendment is necessary to clarify the issues surrounding the interactions between Defendants' and the so-called learned intermediaries that would weigh heavily on any such question this Court certifies.

For example, the proposed amended complaint more clearly presents the intentional culture of silence of these product manufacturers and the hospitals in failing to warn the parents or obtain an informed consent from the parents. Parents believe these products to be safe based upon decades of marketing the brand names Enfamil and Similac as safe, wholesome, and based on science, with no mention of any harm. The proposed amended complaint clarifies and expands upon prior allegations and furthers the Plaintiffs claims of failure to warn and instruct, negligence, and defective product. The proposed amended complaint provides further allegations to support the claim that the learned intermediary doctrine should not apply to baby formula under Connecticut law, provides new allegations to show that the product is not "unavoidably unsafe", and provides detail on alternative designs.

Finally, in light of the Court's decision, an amendment is necessary to remove the warranty claims in this case and the misrepresentation claim.[3] Plaintiff also removes references to products it now believes were not fed to baby TyLea.

## II.    The Proposed Amendment Is Not Futile And Not The Product Of Unwarranted Delay Or Bad Faith

As the Court is well aware, the Rule 15 specifically states that the "Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). According to the 2nd circuit, if an amendment is not futile, leave should be granted unless the non-moving party establishes prejudice or bad faith. *AEP Energy Servs. Gas Holding Co. v. Bank of America*, 626 F.3d 699, 725-26 (2d Cir. 2010), citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

The U.S. Supreme Court has determined that an amendment is inappropriate when there is evidence of "undue delay, bad faith or dilatory motive…, repeated failure to cure deficiencies

---

[3] Plaintiff does this without waiving the right to appeal the Court's decision on this issue whenever it may be permitted to do so.

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962). "Amendment may be prejudicial, when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial, or significantly delay the resolution of the dispute." *AEP Energy Serv.*, 626 F.3d at 725-76. (2d Cir. 2010).

The significance of this first baby formula products liability case for this plaintiff, as well as numerous plaintiffs to follow, is extremely important. Moreover, the proposed fifth amendment will provide meaningful additions as to the scope of the Connecticut Supreme Court's review of the learned intermediary doctrine and the Connecticut Supreme Court will be benefited by having the additional allegations available in the record.

Prior to the Court's Motion to Dismiss Order, Plaintiff obviously could not have been aware that the Connecticut Supreme Court would be asked to weigh in on this issue in this case and the proposed amendment is being offered shortly after the Court's Motion to Dismiss Order and prior to the Defendants expending the time and sums in answering the current operative complaint.

Similar allegations in this proposed amended complaint were recently filed in the above-referenced New Hampshire case, as of right, and prior to the expiration of the 21 days from the filing of the Defendant, Abbott's motion to dismiss. The amendments will create similar allegations in the cases going forward. It would seem unfair for the Plaintiff in this case, and the Plaintiffs that will come forward in the future, to be prejudiced by important decisions that were based on undeveloped allegations.

Moreover, discovery on the limited issues has just commenced and no meaningful exchange of documents has occurred to date between the parties. Accordingly, no prejudice can result to the Defendants in this case because discovery has yet to be conducted, and the amendments are not futile because the Plaintiff is merely expanding upon the counts, which the Court did not dismiss: lack of warning and instructions, negligence, and design defect.

III.     **Defendants Do Not Consent To The Proposed Amendment**

Prior to seeking leave to amend, Plaintiff attempted to obtain Defendants consent to the proposed amended complaint. The parties had a phone conversation on February 17, 2021. No consent was reached, and the Defendants object; however, the Plaintiff did remove several allegations raised by the Defendants in the phone call.

Given that the Court requested discovery be done in a 60 day window and cognizant that the time is already ticking on this time period, the Plaintiffs hereby request leave to amend from the Court in order to ensure that the record that this Court certifies to the Connecticut Supreme Court is as fulsome as possible under the circumstances, and Plaintiff was concerned that any additional delay in obtaining leave to file this amended complaint could result in the delay of the certification to the Connecticut Supreme Court.

## **CONCLUSION**

WHEREFORE, the Plaintiff respectfully requests that the request for leave to amend complaint be granted.

**THE PLAINTIFF**

By _____
Stephen M. Reck
The Law Firm of Stephen M. Reck and Scott D.
Camassar, LLC
P.O. Box 431
North Stonington, CT 06359
860-535-4040
860-535-3434 facsimile
attorneyreck@yahoo.com
CT Juris No.: 405481
Federal Juris No.:  11051
Dated: February 18, 2021

## <u>CERTIFICATION</u>

  I hereby certify that on this 18th day of February, 2021, the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Stephen M. Reck 405481<br>Stephen M. Reck